Fitch v Rensselaer County Regional Chamber of Commerce (2025 NY Slip Op 51790(U))

[*1]

Fitch v Rensselaer County Regional Chamber of Commerce

2025 NY Slip Op 51790(U)

Decided on November 7, 2025

Supreme Court, Rensselaer County

Mendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2025
Supreme Court, Rensselaer County

Stephanie Fitch, Plaintiff,

against
Rensselaer County Regional Chamber of Commerce and Norris Pearson, Defendants.

Index No. EF2024-278402

Law Office of Bhavleen Sabharwal, P.C.
Bhavleen Sabharwal, Esq., of counsel
261 Madison Avenue, Suite 1063
New York, New York 10016
Attorney for Plaintiff
Lewis, Brisbois, Bisgaard & Smith, LLP
Erin P. Cain, Esq. of counsel
Elior D. Shiloh, Esq., of counsel
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Attorneys for Defendants

Noel Mendez, J.

In this action for employment discrimination, Plaintiff Stephanie Fitch ("Plaintiff") moves this Court for leave to amend the complaint and the caption thereto to add additional defendants. Defendants Rensselaer County Regional Chamber of Commerce ("Chamber") and Norris Pearson ("Pearson") (collectively, "Defendants") oppose the motion. Upon consideration of the parties' motion papers, and for the reason that follows, the Court grants Plaintiff's motion.
FACTS AND PROCEDURAL HISTORY
On November 22, 2024, Plaintiff filed and served a Summons and Verified Complaint alleging several violations of the Human Rights Law against her former employer, the Chamber. Plaintiff alleges specific instances of gender and age discrimination concerning Pearson, the Chamber's president, and claims they were subjected to a hostile work environment and ultimately terminated for raising these concerns. Defendants entered a general denial of all allegations.
Another Acting Justice of this Court, (Silverman, A.J.S.C.) signed a Preliminary Conference Stipulation and Order, filed electronically via the New York State Courts Electronic Filing system ("NYSCEF") on March 26, 2025, ordering, inter alia, that any motion to amend the pleadings be filed on or before May 15, 2025. The end date for all disclosure, other than expert disclosure, is February 1, 2026.
On July 31, 2025, Plaintiff filed the present motion, along with a memorandum of law in support, seeking to add four additional defendants to the Verified Complaint. Specifically, Plaintiff seeks to add four members of a subcommittee within the Chamber's Board of Directors known as the Executive Committee ("Executive Committee"). These individuals are Brian Williams, Katherine Doran, Michael Hamill, and Chirstopher Loszynski (collectively, "Proposed Defendants"). Plaintiff seeks to add the Proposed Defendants based on their various functions within the Executive Committee and their alleged involvement in the circumstances leading to this action, which they claimed to have ascertained during the course of documentary discovery — mainly, answers to interrogatories, emails and other written materials. In their memorandum of law, Plaintiff maintains that the Proposed Defendants acted as "joint employers" with "operational control" over their employment, and that the caption of the case should be amended to reflect their purported involvement. Plaintiff avers that no prejudice will result.
Defendants oppose, characterizing Plaintiff's motion as a veiled attempt at gathering additional discovery. Defendants maintain that the Proposed Defendants played no role in Plaintiff's termination, and that the motion should fail, first and foremost, because Plaintiff did not include with their motion a proposed amended complaint pursuant to CPLR 3025 (b). Defendants alternatively claim that the proposed amendments are insufficient and devoid of merit in that Plaintiff cannot sustain a claim under the doctrine of joint employers, and that amending the complaint at this stage in the litigation would be futile and prejudicial, given that the matter has been in litigation for approximately eight months and documentary discovery up until this point in the litigation has been extensive and exhaustive. Defendants note that neither Plaintiff, Pearson, nor the Proposed Defendants have been deposed, and thus no testimony exists in support of amending the complaint. Defendants provide an affirmation along with their memorandum in opposition chronicling the amount of so-called "paper" discovery undertaken thus far in the case in support of their claim of prejudice.
Finally, Plaintiff filed and served a copy of the proposed verified complaint with suggested language as an exhibit to their memorandum in reply.
ANALYSIS
A party may amend their pleading at any time by leave of court (see Favourite Ltd. v Cico, 42 NY3d 250, 256 [2024], citing CPLR 3025 [b)]). Per the statute, such leave must be freely given absent surprise or prejudice to the opposing party (see id., citing CPLR 3025 [b]).
In addition to considering prejudice and surprise, courts also consider whether the proposed amendment is palpably insufficient or patently devoid of merit (see Matter of Falck for Riggs, 232 AD3d 1150, 1154 [3d Dept 2024]). The movant, however, need not establish the [*2]merits of the proposed amendment (see id.).
The decision to grant or deny a motion to amend a pleading is reviewable for abuse of discretion, but the plain language of the statute, the jurisprudence of our highest Court, and the jurisprudence of the Third Department are unequivocal in that leave to amend is to be freely given, subject to the parameters set forth above (see Cico, 42 NY3d at 256; Matter of Falck, 232 AD3d at 1154; see also People v Corr, 42 NY3d 668, 673 [2024] ["Where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning"] [internal quotation marks omitted]; Colon v Martin, 35 NY3d 75, 78 [2020] ["A court should construe unambiguous language to give effect to its plain meaning"] [brackets and internal quotation marks omitted]).
The Court does not find, given the amount of paper discovery already exchanged between the parties, that Defendants are truly surprised Plaintiff seeks to add the Proposed Defendants to the case, especially given their alleged functions within the Executive Committee. Moreover, the Court does not find that the proposed addition of these individuals as defendants is palpably insufficient or otherwise devoid of merit, especially at this early stage of the litigation.
This leaves the matter of prejudice. The parties have engaged in extensive paper discovery leading to Plaintiff's motion to amend. However, the Court does not find that Defendants would be prejudiced in this instance. Plaintiff sought to amend the complaint two months after the deadline for such motions, but well within the date discovery is to conclude. This is not a case where, for example, Plaintiff sought to amend the complaint over six months after the date set in the preliminary conference order and after the deadline for discovery had passed (see e.g. Reus v ETC Hous. Corp., 203 AD3d 1281, 1283-84 [3d Dept 2022], lv dismissed 39 NY3d 1059 [2023]). On these facts, the Court finds Plaintiff's proposed amendments to the Verified Complaint, seeking to add the Proposed Defendants, would not be prejudicial to Defendants. Therefore, Plaintiff's motion is granted. Given the liberal nature of CPLR 3025 (b), and given the procedural posture of the case, the Court does not find that Plaintiff's inclusion of the proposed amended complaint with the reply, as opposed to the original motion, to be defective.
This shall constitute the Decision and Order of the Court.
Dated: November 7, 2025
Troy, New York
Hon. Noel Mendez
Acting Justice of the Supreme Court
Papers Considered:
1. Parties' motion and opposition papers.